UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO RUIZ,

                Petitioner,

    -against-

THOMAS M. POOLE,

               Respondent.

06 Civ. 7746 (RJH)(KNF)

**MEMORANDUM OPINION AND ORDER**

      Petitioner Wilfredo Ruiz ("Petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his March 13, 2000 conviction for two counts each of second-degree robbery and attempted second-degree robbery in the New York State Supreme Court, New York County, for which Petitioner was sentenced, as a persistent violent felony offender, to four consecutive terms of 23 years to life imprisonment. On March 28, 2008, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") recommending that the petition be denied. Petitioner received the Report on April 8, 2008 and filed timely objections dated April 18, 2008 ("Objections"). Having reviewed the Report, the Objections, and the record, the Court denies the petition, adopts the Report in its entirety, and determines that a certificate of appealability should not issue.

**BACKGROUND**

The relevant facts of this case are set forth in detail in the Report, familiarity with which is assumed. The Court restates the facts only as necessary to address Petitioner's Objections.

The Report recommended denial of the petition as untimely, finding that under the one-year statute of limitations and statutory tolling provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner was required to file his petition by November 21, 2005. (Report 1–3.) The petition was not filed until August 31, 2006. (*Id.* at 3.)

In his Objections, Petitioner concedes that the petition was untimely. (Objections 4.) Petitioner objects, however, to Judge Fox's finding that Petitioner did not qualify for equitable tolling of AEDPA's statute of limitations. (Objections 1–4.) Petitioner had argued in his petition that equitable tolling should apply because he was ignorant of the law and because he "did not have access for a while to the law library while" incarcerated at Attica Correctional Facility ("Attica"). (Report 4.)

Judge Fox found that ignorance of the law is not grounds for equitable tolling, and that, because Ruiz had not provided the dates when he was incarcerated in Attica and denied access to the law library, or the measures he took to address his lack of access, he had not established the "rare and exceptional circumstances" necessary to warrant equitable tolling. (Report 4 (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004).).

In his Objections, Petitioner concedes that ignorance of the law is not grounds for equitable tolling. (Objections 2.) However, Petitioner asserts that he was incarcerated in Attica from 2001 to 2003, and was granted permission to access the law library only

twice during that period. Therefore, Petitioner contends, by the time he was moved to Shawangunk Correctional Facility and had regular access to the law library, he did not have adequate time to prepare his habeas corpus petition. Plaintiff also contends that he submitted a complaint regarding his lack of access to the law library at Attica, but that the prison officers, through intimidation, had forced him to withdraw the complaint. (Objections 3.)

Respondent has submitted a letter responding to Petitioner's Objections. Respondent asserts that Petitioner was actually incarcerated in Attica from June 28, 2001 through September 12, 2002, not from 2001 until 2003, as Petitioner contends. (Gill Letter, May 13, 2008.) Respondent also provides a letter from Sandra Prusak, an Inmate Records Coordinator at Attica, which indicates that Petitioner was placed on a "Law Library callout" eight times during a four-month period in 2001. Respondent interprets this information to mean that Petitioner used the law library on each of these occasions. The letter also states that there are no records of requests by Petitioner for law library access during 2002. Petitioner suggests in his Objections, however, that Attica officials do not keep accurate records. (Objections 3.)

## ANALYSIS

Because Petitioner has specifically objected to the Report's finding regarding equitable tolling, the Court reviews this finding *de novo*. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). According to prison records, Petitioner left Attica on September 12, 2002. Petitioner

does not contend that he was denied access to the law library at any time after his incarceration in Attica. Therefore, even accepting Petitioner's contention that he was prevented from accessing the law library during his incarceration in Attica, the Court finds that Petitioner has failed to demonstrate that his inability to access the law library in 2001 and 2002 constitutes "extraordinary circumstances" preventing him from completing and filing his habeas corpus petition on or before November 21, 2005.

The Court has reviewed the remainder of the Report and, finding no clear error, adopts the Report in its entirety. *See Llanos v. Goord*, No. 06 Civ. 0261, 2008 WL 2185893, at *2 (S.D.N.Y. 2008) ("If no timely objection has been made to a portion of the report, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" (quoting *Wilds v. UPS, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003))).

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. In addition, the Court declines to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Tankleff v. Senkowski*, 135 F. 3d 235, 241–42 (2d Cir. 1998).

SO ORDERED.

Dated: New York, New York
July 22, 2008

Richard J. Holwell
United States District Judge

4